UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELIZABETH L. HOOPER,

    Plaintiff,

v.                                                             Case No. 5:11-cv-624-Oc-10TBS

UNUM LIFE INSURANCE COMPANY OF
AMERICA, and HEALTH MANAGEMENT
ASSOCIATES, INC., as plan administrator of
the Health Management Associates, Inc.
Group Long Term Disability Plan,

    Defendants.

## ORDER

Pending before the Court are Plaintiff's Motion to Compel Production of Documents Listed in Defendants' Privilege Log, or in the Alternative, for In Camera Inspection (Doc. 12), and Defendants' Response in Opposition to Plaintiff's Motion to Compel Production of Documents Listed in Defendants' Privilege Log, or in the Alternative, for In Camera Inspection (Doc. 15).

Plaintiff, Elizabeth L. Hooper brings this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq.[1] Plaintiff participated in her employer's group long term disability plan ("Plan"). The Plan is a welfare benefit plan as defined by ERISA, 29 U.S.C. § 1002(1). Defendant, Health Management Associates, Inc. is the administrator ("Administrator") of the Plan. The Plan is underwritten by an insurance policy issued by defendant, UNUM Life

---

[1]All facts come from Plaintiff's Complaint (Doc. 1).

Insurance Company of America ("UNUM"). The Administrator appointed UNUM as the named fiduciary to adjudicate claims for benefits and to decide any appeals of denied claims. UNUM is a fiduciary within the meaning of 29 U.S.C. § 1001(21)(A). Plaintiff filed this action after UNUM denied her claim for long term disability benefits. The question before the Court is whether, under the fiduciary exception, Plaintiff can discover four documents UNUM says are attorney-client privileged because they record communications between UNUM's claims personnel and its in-house lawyers. The communications occurred before the final decision to deny benefits was made. In order to decide the issue, the Court has made an in camera review of the documents.

The fiduciary exception to the attorney-client privilege is a product of trust law. Wachtell v. Health Net, Inc., 482 F.3d 225, 231 (3rd Cir. 2007). There are two distinct rationales for the exception. Some courts hold that a "fiduciary's duty to act in the exclusive interest of beneficiaries supersedes the fiduciary's right to assert attorney-client privilege." Solis v. Food Employers Labor Relations Assoc., 644 F.3d 221, 227 (4th Cir. 2011). Other courts have found that "as a representative for the beneficiaries of the trust which he is administering, the trustee is not the real client in the sense that he is personally being served." United States v. Evans, 796 F.2d 264, 266 (9th Cir. 1986) quoting Riggs National Bank of Washington, D.C. v. Zimmer, 355 A.2d 709, 713-14 (Del.Ch. 1976). Under this line of reasoning, although the lawyer may have been engaged by the trustee, her true clients are the beneficiaries. Smith v. Jefferson Pilot Financial Ins. Co., 245 F.R.D. 45, 48 (D. Mass. 2007).

A number of circuits recognize the fiduciary exception to the attorney-client privilege. Wachtel v. Health Net, Inc., 482 F.3d 225, 229 (3rd Cir. 2007) accumulating cases. Although the Eleventh Circuit has not applied the fiduciary exception in an ERISA case, it has been employed by at least one trial court. Moore v. Metropolitan Life Ins. Co., 799 F.Supp.2d 1290, 1293 (M.D. Ala. 2011).

There are two recognized exceptions to the fiduciary exception:

> First, under the "liability exception," a fiduciary, seeking the advice of counsel for its own personal defense in contemplation of adversarial proceedings against its beneficiaries, retains the attorney client privilege." (Citations omitted.) Second, under the "settlor exception," courts distinguish between fiduciary acts and settlor acts, the former being discretionary acts of plan administration and the latter involving the adoption, modification, or termination of an employee benefit plan. (Citations omitted.) The fiduciary exception does not apply to settlor acts because such acts are more akin to those of a trustee. (Citations omitted.)
> Wachtell, 482 F.3d at 233.

Whether the fiduciary exception applies to a particular communication is "a matter of 'context and content.'" Solis, 644 F.3d at 229, quoting United States v. Metts, 178 F.3d 1058, 1064 (9th Cir. 1999). "The general test is that 'when the interests of the ERISA plan fiduciary and the plan beneficiaries have diverged sufficiently such that the fiduciary . . . [is acting] in its own interest to defend itself against the plan beneficiaries, then the attorney-client privilege remains intact.'" Moore, 799 F.Supp.2d at 1294 quoting Tatum v. R.J. Reynolds Tobacco Co., 247 F.R.D. 488, 497 (M.D.N.C. 2008).

UNUM asserts attorney-client privilege over four Claim Documents identified as Bates-Stamp numbers UA-CL-LTD-000603; UA-CL-LTD-000725; UA-CL-LTD-000901;

and UA-CL-LTD-000962.  Upon review, the Court finds all four documents are discoverable because they are part of the claims administration process and thus, concern actions by UNUM in its fiduciary capacity.  Although UNUM may have had reason to expect litigation if Plaintiff's claim was not resolved favorably to Plaintiff, the communications concern UNUM's discharge of its fiduciary duties, suit had not been filed and it does not appear that the interests of Plaintiff and UNUM had so diverged that counsel's advice was plainly intended to defend UNUM against Plaintiff.  Therefore, within 10 days from the rendition of this Order, UNUM shall produce the documents identified as Bates-Stamp numbers UA-CL-LTD-000603; UA-CL-LTD-000725; UA-CL-LTD-000901; and UA-CL-LTD-000962 to Plaintiff for inspection and copying.

In this instance, the Court finds an award of attorneys fees or costs to Plaintiff would be unjust.  See FED. R. CIV. P. 37(a)(5)(A)(iii).

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on April 24, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel